**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

                                                                                 **AMENDED ORDER**
      -v.-                                                                    Civil Action No. 05-CV-4643

EHRENKRANTZ KING NUSSBAUM, INC., ANTHONY
OTTIMO, and BRENDAN E. MURRAY,

                        Defendants.
---------------------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Presently before the Court is a motion for summary judgment filed by plaintiff Securities and Exchange Commission (the "SEC") pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). The SEC seeks summary judgment against *pro se* defendant Brendan E. Murray ("Murray").

      Rule 56.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.2") requires a represented party moving for summary judgment against a *pro se* party to "serve and file as a separate document, together with the papers in support of the motion, a 'Notice To Pro Se Litigant Opposing Motion For Summary Judgment.'" Local Rule 56.2. The notice required by Local Rule 56.2 is designed to explain the nature and consequences of a summary judgment motion and to impress upon the *pro se* party the necessity of proffering admissible evidence (and not mere denials or allegations) "countering the facts asserted by the [represented party] and raising material issues of fact for trial." Local Rule 56.2. Although Murray is proceeding *pro se* in this case, the SEC did not file the notice required by Local Rule 56.2 with its motion papers.

1

As such, the Court declines to consider the merits of the SEC's motion until the SEC has provided Murray with the notice required by Local Rule 56.2 and until Murray has been given an opportunity to respond to the SEC's motion in light of that notice.[1]  Accordingly, the SEC's motion is DENIED without prejudice and with leave to renew.  The Court establishes the following briefing schedule in accordance with the Court's bundle rule: the SEC shall serve moving papers, including a notice pursuant to Local Rule 56.2, on or before January 25, 2010; Murray shall serve opposition papers on or before February 22, 2010; and the SEC shall serve and file reply papers, if any, on or before March 8, 2010.

**SO ORDERED.**

Dated: December 18, 2009
      Central Islip, New York

/s/
Denis R.  Hurley,
Senior District Judge

---

[1] A grant of summary judgment in the absence of appropriate notice to the *pro se* party would be subject to "virtually automatic" *vacatur* by the Second Circuit.  *Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001).  The Second Circuit has explained that a "failure to provide the pro se party with notice of the requirements of Rule 56 . . . and the consequences of noncompliance therewith, will result in vacatur of the summary judgment, no matter how meritorious, unless the movant shows (or it is obvious to the court) that the pro se was aware of this rule's requirements." *Id.* at 413.  Given that Murray did not submit a separate Local Rule 56.1 Statement of Material Facts either admitting or denying the statements made by the SEC in its Local Rule 56.1 Statement of Material Facts, and given that the majority of the citations proffered by Murray were not to admissible evidence but rather to the statements made by the SEC in its Local Rule 56.1 Statement of Material Facts, it is not at all obvious to the Court that Murray understood "the requirements of Rule 56 . . . and the consequences of noncompliance therewith." *Id.*