FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

ENRENKRANTZ KING NUSSBAUM, INC.,
ANTHONY OTTIMO and BRENDAN E.
MURRAY,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
05-CV-4643 (MKB) (GRB)

MARGO K. BRODIE, United States District Judge:

On March 15, 2012, Judge Hurley granted Plaintiff's motion for summary judgment as to its claims that Defendant Brendan E. Murray, the only remaining defendant,[1] violated Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 and that Defendant Murray aided and abetted Enrenkrantz King Nussbaum, Inc. ("EKZ") in violating Section 15(c)(1) of the Exchange Act. (Docket No. 73, Mar. 15, 2012 Memorandum & Order at 25–27.) Judge Hurley denied Plaintiff's motion for summary judgment with regard to Count Seven, which alleged that Defendant Murray aided and abetted EKZ in violating Section 15(b)(7) of the Exchange Act and Rule 15b7-1. *Id.* at 27–29. Judge Hurley found that a question of fact existed as to whether Defendant Murray had actual knowledge of EKZ's alleged primary violation. *Id.* Judge Hurley deferred the calculation of damages and determination as to disgorgement and injunctive relief, pending the resolution of Defendant Murray's liability on Count Seven. *Id.* at 30.

---

[1] Plaintiff's claims against Enrenkrantz King Nussbaum, Inc. ("EKZ") and Anthony Ottimo were dismissed with prejudice pursuant to a settlement on June 9, 2008.

On May 14, 2012, Plaintiff moved to dismiss Count Seven with prejudice, noting that Defendant Murray had not consented to its dismissal. (Docket No. 79.) The Court granted Plaintiff's motion on May 16, 2012. (Docket No. 80.) Defendant Murray then filed objections to the Court's dismissal of Count 7. (Docket Nos. 82, 83.) Having reviewed Defendant Murray's submissions, the Court finds that Count Seven was properly dismissed and the Court refers Plaintiff's Motion for Remedies, (Docket No. 84), to Magistrate Judge Brown for a report and recommendation.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Second Circuit has held that a court may "permit a withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (internal citation omitted); *see also Coultrip v. Pfizer, Inc.*, 06 Civ. 9952, 2011 WL 1219365, at *6 (S.D.N.Y. Mar. 24, 2011) ("The standard for permitting an amendment withdrawing a claim is the same as for voluntarily dismissing an action under Rule 41(a) of the Federal Rules of Civil Procedure."). Under Rule 41, the court should allow a voluntary dismissal "if the defendant will not be prejudiced thereby." *Cantanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (quoting *Wakefield*, 769 F.2d at 114). The Second Circuit has identified factors to be considered in deciding whether to grant a motion to dismiss a claim without prejudice: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the

plaintiff's explanation for the need to dismiss." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

Here, Plaintiff has moved to dismiss the claim *with* prejudice, and, thus, there is no risk that Defendant Murray will be forced to defend himself again. Furthermore, Plaintiff timely filed its motion to dismiss Count Seven following Judge Hurley's March 15, 2012 Memorandum & Order. Defendant Murray has failed to demonstrate any prejudice he will suffer based on the dismissal of Count Seven, or any bad faith on Plaintiff's part in prosecuting its claim under Count Seven. Rather, Defendant Murray appears to want to use the trial on Count Seven to relitigate issues previously decided by Judge Hurley. (Docket No. 83, Def. Aff. Opp'n Mot. Dismiss ¶ 10 ("In its march [*sic*] 2012 decision the Court states that 'Here, the undisputed evidence demonstrated that the mutual fund families did not approve of market timing and actively sought to detect and stop it.' Clearly nothing could be further from the truth.")). Even if the parties were to proceed to trial on Count Seven, and the jury rendered a verdict in favor of Defendant Murray, that judgment would have no effect on Judge Hurley's determination that Plaintiff violated Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 and that Defendant Murray aided and abetted EKN's violation of Section 15(c)(1) of the Exchange Act.

For the foregoing reasons, the Court finds that Count Seven was properly dismissed. The Court refers Plaintiff's Motion for Remedies, (Docket No. 84), to Magistrate Judge Brown for a

report and recommendation. Magistrate Judge Brown will rule on Defendant Murray's request for a hearing.

SO ORDERED:

S/Judge Brodie
_____
MARGO K. BRODIE
United States District Judge

Dated: September 26, 2012
       Brooklyn, New York